**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Three Runs Plantation Homeowners Association, Inc., Respondent,

v.

Jay J. Jacobs and Judith B. Jacobs, Defendants and Third-Party Plaintiffs, Appellants,

v.

T. R. Sales Plantation, LLC and J. Wayne Raiford, Third-Party Defendants, Respondents.

Appellate Case No. 2013-002305

Appeal From Aiken County
M. Anderson Griffith, Master-in-Equity

Unpublished Opinion No. 2015-UP-348
Heard April 21, 2015 – Filed July 15, 2015

**AFFIRMED**

Clarke W. McCants, III, of Nance, McCants & Massey, of Aiken, for Appellants.

James Samuel Murray, of Warlick Stebbins Murray & Chew, LLP, and Wm. Byrd Warlick, both of Augusta, GA, for Respondents.

---

**PER CURIAM:** Jay and Judith Jacobs appeal the master-in-equity's order finding they violated the restrictive covenants of Three Runs Plantation Homeowners Association. The Jacobs argue the master erred in (1) finding they violated the restrictive covenants because the provision they were found to have violated was ambiguous and therefore unenforceable. The Jacobs also argue the master erred in (2) not entering judgment against the Homeowners Association because it failed to evenly enforce the restrictive covenants. The Homeowners Association argues the master erred in deleting language from its initial order. We affirm.

1. As to whether the restrictive covenants were ambiguous and therefore unenforceable, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Kinard v. Richardson*, 407 S.C. 247, 256, 754 S.E.2d 888, 893 (Ct. App. 2014) ("An action seeking an injunction to enforce restrictive covenants sounds in equity."); *id.* ("In an equitable action, this court may make findings according to its own view of the preponderance of the evidence."); *id.* ("However, this court is not required to disregard the master's factual findings or ignore the fact that the master was in the better position to assess the credibility of the witnesses."); *Palmetto Dunes Resort, Div. of Greenwood Dev. Corp. v. Brown*, 287 S.C. 1, 6-7, 336 S.E.2d 15, 18-19 (Ct. App. 1985) (holding a restrictive covenant that gave a developer the discretion to disapprove construction plans in a subdivision for "purely aesthetic considerations" was not ambiguous when, viewing the document as a whole, the "plain and obvious purpose of the covenant" was to vest such discretion with the developer).

2. As to whether the master erred in not entering judgment against the Homeowners Association because it failed to enforce the restrictive covenants, we affirm. Based on our review of the record, the master "could not determine the extent of th[e] violations" the Jacobs alleged against the Homeowners Association. Thus, the master did not enter judgment against the Homeowners because it concluded the Jacobs failed to prove the extent of any violations alleged against the Homeowners Association. This was an issue of credibility for the master, and the Jacobs have failed to show the master's ruling was in error. *See Kinard*, 407 S.C. at 256, 754 S.E.2d at 893 (recognizing that in an equitable action, "this court is not

required to disregard the master's factual findings or ignore the fact that the master was in the better position to assess the credibility of the witnesses").

3.  As to whether the master erred in deleting language from its initial order, we decline to address this issue because the Homeowners Association did not cross-appeal the master's final order.  *See Nw. Airlines, Inc. v. Cnty. of Kent, Mich.*, 510 U.S. 355, 364 (1994) ("A cross-petition is required . . . when the respondent seeks to alter the judgment below." (citations omitted)); *Commercial Credit Loans, Inc. v. Riddle*, 334 S.C. 176, 187, 512 S.E.2d 123, 129 (Ct. App. 1999) (not addressing an issue raised in the respondent's brief when the respondent failed to appeal the trial court's order); Rule 203(c), SCACR (explaining the proper procedure for filing a cross-appeal).

**AFFIRMED.**

**SHORT, LOCKEMY, and McDONALD, JJ., concur.**